IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BILLY CALAHAN §
§
    Petitioner, §
§
VS. §
§ NO. 3-07-CV-0746-B
NATHANIEL QUARTERMAN, Director §
Texas Department of Criminal Justice, §
Correctional Institutions Division §
§
    Respondent. §

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Billy Calahan, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] For the reasons stated herein, the application should be denied.

I.

In 1990, petitioner was released to parole after serving part of a 25-year sentence for murder. After serving more than 15 years on parole and with only two years remaining until his discharge date, petitioner was arrested for assaulting his wife and sexually assaulting a 17 year-old female acquaintance. Although neither charge was criminally prosecuted, petitioner's parole was revoked based on the sexual assault allegation. Petitioner challenged his parole revocation in an application for state post-conviction relief. The application was denied without written order. *Ex parte Calahan*, No. 66,220-01 (Tex. Crim. App. Jan. 17, 2007). Petitioner then filed this action in federal district court.

---

[1] Petitioner purports to bring this action under 42 U.S.C. § 1983. However, because petitioner seeks to overturn his parole revocation, his claims must be brought in an application for writ of habeas corpus under 28 U.S.C. § 2254. *See Davis v. Conn*, No. 3-07-CV-1141-N, 2007 WL 2428935 at *1-2 (N.D. Tex. Aug. 27, 2007), citing *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989) (prisoner must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus).

II.

Petitioner raises three broad issues in multiple grounds for relief. Succinctly stated, petitioner contends that: (1) he was falsely arrested on a warrant issued for failing to report to his parole officer and told that his revocation hearing would be limited to that technical violation; (2) his parole was revoked for an offense he did not commit; and (3) he was denied due process at the revocation hearing. (*See* Mag. J. Interrog. #1).

A.

The court summarily rejects petitioner's claims that he was arrested for failing to report to his parole officer and told that his revocation hearing would be limited to that charge. The "blue warrant" issued on July 14, 2005, states only that "reliable information has reached the Texas Department of Criminal Justice, Parole Division that the administrative releasee has violated the terms, rules, and/or conditions of administrative release, has lapsed or is about to lapse into criminal ways or company, or was ineligible for release and is hereby declared a fugitive from justice." *Ex parte Calahan*, No. 66,220-01 at 29. There is absolutely no evidence that the warrant was issued on false information that petitioner failed to report to his parole officer.[2] Nor is there any evidence that parole authorities misled petitioner into believing that he was charged with failure to report or that his revocation hearing would be limited to that technical violation. To the contrary, the pre-hearing notice served on petitioner specifies two rules violations--one for assault and one for sexual assault. *Id.* at 36. Petitioner was fully aware of the nature of the alleged violations prior to his revocation hearing. These grounds for relief are without merit and should be overruled.

---

[2] A warrant tracking form produced by respondent, which was not presented to the state habeas court, shows that parole authorities issued the warrant after petitioner was charged with assault and sexual assault. (*See* Resp. Ans., Exh. D).

B.

Next, petitioner contends that his parole was revoked for an offense he did not commit. Judicial review of a decision to revoke parole "is quite circumscribed." *Villarreal v. U.S. Parole Comm'n*, 985 F.2d 835, 839 (5th Cir. 1993). Due process requires only that there be "some evidence" in the record to support the decision to revoke parole. *Id.* Unlike a criminal prosecution where the state must prove the elements of an offense beyond a reasonable doubt, the burden of proof in a parole revocation hearing is considerably lower. *Id.*; *see also Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). "All that is required for revocation is that the evidence and facts reasonably demonstrate that the person's conduct has not been as good as required by the terms and conditions of his release." *Bursey v. Quarterman*, No. 3-06-CV-1899-D, 2007 WL 2402994 at *2 (N.D. Tex. Aug. 22, 2007), *citing Mack v. McCune*, 551 F.2d 251, 254 (10th Cir. 1977).

Petitioner was charged with violating Rule 2 of his parole contract, which requires him to obey all municipal, county, state and federal laws, by sexually assaulting a 17 year-old female.[3] *See Ex parte Calahan*, No. 66,220-01 at 26, 36. At the revocation hearing, the sexual assault victim testified that petitioner forced her to engage in intercourse against her will. *Id.* at 40. Petitioner admitted to having sex with the girl, but maintained that she consented and attributed his conduct to "male stupidity." *Id.* at 41. The hearing officer found that petitioner violated the conditions of his release by sexually assaulting the girl and recommended that his parole be revoked. *Id.* at 41, 43. That recommendation was subsequently adopted by the parole board. *Id.* at 23.

---

[3] Petitioner was also charged with violating Rule 2 of the parole contract by assaulting his wife. Because petitioner's wife did not appear at the revocation hearing, the hearing officer found no evidence to substantiate that charge. *Ex parte Calahan*, No. 66,220-01 at 41.

The court has little difficulty in concluding that the testimony of the sexual assault victim, even if controverted by petitioner, constitutes "some evidence" to support the decision to revoke his parole. The fact that petitioner was not criminally prosecuted for sexual assault, or even charged with a criminal offense, does not bar parole authorities from revoking his release based on such conduct. *See, e.g. Else v. Johnson*, 104 F.3d 82, 83 (5th Cir. 1997); *Bursey*, 2007 WL 2402994 at *2; *LaFoe v. Dretke*, No. 3-03-CV-1722-M, 2004 WL 287734 at *2 (N.D. Tex. Feb. 5, 2004); *Johnson v. Dretke*, No. 3-03-CV-0917-D, 2003 WL 22255674 at *2 (N.D. Tex. Sept. 10, 2003), *rec. adopted*, 2003 WL 22252875 (N.D. Tex. Sept. 29, 2003); *Garner v. Cockrell*, No. 4-01-CV-374-Y, 2002 WL 230901 at *3 (N.D. Tex. Feb. 14, 2002).

C.

In several related grounds for relief, petitioner contends that he was denied due process at his revocation hearing because he was not allowed to call any witnesses, the hearing officer yelled at him, and the state withheld crucial evidence. Respondent counters that these claims are procedurally barred from federal habeas review.

A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). Under Texas law, a prisoner is barred from filing a second or successive application for post-conviction relief if the grounds contained therein could have been, but were not, raised in an earlier application. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (Vernon Supp. 2005).[4] This procedural bar also applies to unexhausted claims if the state court would likely dismiss

---

[4] The statute provides, in relevant part, that:

> (a) If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:

a successive habeas petition under article 11.07. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Petitioner did not raise any of these due process claims in his state writ filed on March 17, 2006. *See Ex parte Calahan*, No. 66,220-01 at 7-8. Instead, petitioner attempted to present these claims directly to the Texas Court of Criminal Appeals in a series of miscellaneous filings after the trial court entered its findings of fact and conclusions of law. *See id.*, Supp. Tr. 11/28/06, 12/14/06, 12/18/06. The Texas Court of Criminal Appeals has observed that it is "generally fruitless, if not counterproductive, to file original evidentiary materials relating to a habeas claim with this Court rather than the trial court." *Ex parte Simpson*, 136 S.W.3d 660, 661 (Tex. Crim. App. 2004). Even had petitioner filed these pleadings with the trial court instead of the Texas Court of Criminal Appeals, they would have been untimely and, therefore, procedurally barred. *See Campbell v. Dretke*, No. H-04-CV-3036, 2005 WL 2372047 at *6 (S.D. Tex. Sept. 27, 2005), *citing Wheat v. Johnson*, 238 F.3d 357, 360-61 (5th Cir.), *cert. denied*, 121 S.Ct. 2226 (2001) (failure to present claims to the state habeas court in a timely manner bars those claims from federal habeas review).

---

> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a).

No explanation is offered to excuse this procedural default. The court finds that a Texas court, presented with these claims in a successive habeas petition, would likely find them barred under article 11.07. Consequently, federal habeas relief is not proper with respect to petitioner's unexhausted due process claims. *Coleman*, 111 S.Ct. at 2557 n.1; *see also Nobles v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998).[5]

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 19, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[5] The court notes that these claims lack merit even if they are not procedurally barred. It is clear from the record that petitioner was not denied the opportunity to call witnesses at the revocation hearing. Indeed, petitioner testified at the hearing in his own behalf. Nor is there any evidence that the hearing officer yelled at petitioner. To the contrary, the audio recording of the revocation hearing, which is part of the state court record, reveals that the hearing officer acted professionally in all respects. With respect to petitioner's claim that the state withheld crucial evidence by failing to disclose that no criminal charges had been filed against him, the court has already determined that the failure to charge petitioner with a criminal offense does not bar parole authorities from revoking his release based on such conduct.